IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| WAREHOUSE STOCK, LLC and<br>MORGAN LOGISTICS, LLC,<br><br>*Plaintiffs*,<br><br>V.<br><br>SAMSUNG SDS MEXICO S.A. DE C.V.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. _____ |

### NOTICE OF REMOVAL AND RULE 12(b) MOTION TO DISMISS

COMES NOW Defendant Samsung SDS Mexico S.A. de C.V. ("Samsung Mexico" or "Defendant") and, pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), hereby gives notice of removal of this case from the 49th Judicial District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.

Further, given the procedural deficiencies by Plaintiffs Warehouse Stock, LLC ("Warehouse") and Morgan Logistics, LLC ("Morgan") in their efforts to serve Samsung Mexico in the Texas state court action, and to avoid waiver of those defenses in this federal action, Samsung Mexico also simultaneously moves for dismissal of Plaintiffs' claims pursuant to Federal Rules 12(b)(4) and (5). In support thereof, Samsung Mexico would respectfully show the Court the following:

### Notice of Removal

**A.      Introduction and Background**

1.      On August 18, 2023, Plaintiffs Warehouse and Morgan filed Cause No. 2023CVK001310D1 in the 49th Judicial District Court of Webb County, Texas, asserting claims against Samsung Mexico for alleged breach of contract, fraud and purported liens against

container shipments in connection with the alleged non-payment of fees for transportation and storage services that Plaintiffs allegedly provided to Samsung Mexico. See Ex. C, Plaintiffs' Original Petition.

2.   Plaintiffs have judicially admitted in Paragraphs 2 and 3 of their Original Petition that Warehouse and Morgan are each Texas limited liability companies. *Id*. Based on the best information available to Defendant, Plaintiffs' constituent members are all Texas citizens and residents.[1]

3.   Defendant Samsung Mexico is a foreign-business entity with its principal place of business in Mexico. Plaintiffs have likewise judicially admitted this fact at Paragraph 4 of their Original Petition.[2] *Id*.

4.   As will be set out in further detail in its Rule 12(b) Motion, Plaintiff's Original Petition incorrectly stated that Samsung Mexico maintains offices in Laredo, Texas, and further incorrectly stated that service on Samsung Mexico could be accomplished via service of citation on Esteban Park, Arom Heo, Cesar Gavino and/or Edher Valencia at that office address.

5.   Plaintiffs apparently sought leave, and were granted leave, to accomplish service of citation via email. Ex. B, Citation to Esteban Park[3] and Order Allowing Substitute Service. On September 19, 2023, Plaintiffs purported to serve Samsung Mexico with citation via delivery of the Citation and Original Petition to offices located in Laredo, and reportedly via an email sent

---

[1] Per the publicly available Texas Taxable Entity online search page (available at https://mycpa.cpa.state.tx.us/coa/), Warehouse's member/manager Fernando Morato resides in The Woodlands. Mr. Morato is also identified as the managing member of Morgan.

[2] Samsung Mexico notes that Plaintiffs' Original Petition identifies Samsung Mexico's principal office as being in Tijuana. While that was previously correct, Samsung Mexico recently moved its office to a location in Mexico City, specifically: Calzada General Mariano Escobedo #476 piso 5, colonia Anzures. Alcaldía Miguel Hidalgo, Ciudad de México. C.P. 11590. Because both locations are in Mexico, the specific location of Samsung Mexico's office is irrelevant for the purposes of this Notice of Removal.

[3] While the state court docket indicates that many more citations were issued by the county clerk, the only Citation that is available and has been provided to Samsung Mexico is the one addressed to Mr. Park that is attached to this filing as Ex. B.

to Mr. Park, as well. *Id.*; see also Ex. D, Texas State Court Docket. While that service was procedurally defective, Mr. Park did provide a copy of the papers to Samsung Mexico. Accordingly, Samsung Mexico's Notice of Removal is timely filed within the 30-day period required by 28 U.S.C. § 1446 assuming that service was proper (which it was not).

**B.    Bases for Removal**

6.    Removal based on diversity is proper because there is complete diversity of citizenship between Plaintiffs, who are Texas limited liability companies with members made up of Texas citizen/residents, and Defendant Samsung Mexico, which Plaintiffs have admitted is a foreign company with principal offices in Mexico.

7.    Further, Plaintiffs' alleged damages exceed $75,000 based on Plaintiffs' Original Petition, which states that Plaintiffs seek to recover in excess of $604,934.32 in damages.

8.    Venue is proper in this district because this is the district and division within which the removed action has been pending. 28 U.S.C. § 1446(a).

9.    Pursuant to Southern District of Texas Local Rule 81, Samsung Mexico is also filing the following documents with the Court:

- an index of matters being filed with this notice is attached as Exhibit A;

- a copy of the above referenced (insufficient) citation/process, as well as a copy of the Order permitting substitute service, is attached as Exhibit B;

- all pleadings asserting causes of action and all answers in the state court action with Cause No. 2023CVK001310D1 are attached as Exhibit C;[4]

- a copy of the docket in the state court action with Cause No. 2023CVK001310D1 is attached to this notice as Exhibit D; and,

- a list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case is attached as Exhibit E.

---

[4] The only pleading in the state court action is Plaintiffs' Original Petition. Samsung Mexico is removing this action to federal court prior to appearing in the Texas action or filing an answer therein.

10. Samsung Mexico will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is then pending.

11. Plaintiffs did not request a jury trial in the state court action.

## Rule 12(b) Motion to Dismiss

Defendant Samsung SDS Mexico S.A. de C.V. hereby moves for dismissal of Plaintiffs' action pursuant to Rules 12(b)(4) and 12(b)(5), for insufficient process and insufficient service of process. Samsung Mexico would respectfully show that the Citation issued by the Webb County District Clerk was defective under applicable Texas law because citation was issued and directed to Esteban Park and other individuals, and **not** to Samsung SDS Mexico S.A. de C.V. (i.e., the defendant named in Plaintiffs' lawsuit). Moreover, Samsung Mexico would show that the substitute "service" by which Plaintiffs purportedly effected service on Samsung Mexico is impermissible – pursuant to the Hague Convention, "service through Mexico's Central Authority is the exclusive method of service of process on parties in Mexico[.]" See *Compass Bank v. Katz*, 287 F.R.D. 392, 397 (S.D. Tex. 2012).

**A.     Nature and Stage of Proceeding**

1. This is a breach of contract case brought by Texas businesses Warehouse Stock, LLC and Morgan Logistics, LLC against the Mexican company Samsung SDS Mexico S.A. de C.V. for alleged non-payment of fees for transportation and storage services. Plaintiffs filed suit against Samsung Mexico on August 18, 2023, in the 49th Judicial District Court of Webb County, Texas, in a matter assigned Cause No. 2023CVK001310D1.

2. Samsung Mexico does not have any offices in Texas, or any company officers or employees based in Texas. However, employees of Samsung SDS America, Inc. do work at a

facility in Laredo, Texas, where they coordinate shipping logistics for the importation of products manufactured in Mexico.

3.  In Plaintiffs' Original Complaint, Plaintiffs (incorrectly) represented that Samsung Mexico maintains an office at 18714 W. Peak Road, Laredo, Texas 78045, and that citation should be issued to: 1) Esteban Park, 2) Arom Heo, 3) Cesar Gavino, and 4) Edher Valencia. Plaintiffs identified the 18714 W. Peak Road address as the location where these individuals might be served.

4.  From the limited information publicly available on the Texas state court's electronic docket, it appears that citation was issued for each of the four identified individuals on or about August 21, 2023. However, on August 29, 2023, unexecuted returns for each individual were filed with the Texas state court, along with affidavits of due diligence.

5.  On September 1, 2023, Plaintiffs apparently filed a motion for substituted service. On September 5, 2023, Judge Joe Lopez granted the motion (see Ex. B), and the order was filed by the clerk the following day. Per the order, Plaintiffs were granted leave to serve Samsung Mexico by delivering a copy of Plaintiffs' Original Petition to anyone over the age of 16 at the 18714 W. Peak Road address. *Id*. Plaintiffs were further granted leave to serve Samsung Mexico by sending Citation and a copy of the Original Petition via email. *Id*.

6.  On September 19, 2023, a process server delivered copies of Citation and Plaintiffs' Original Complaint directed to Esteban Park, Arom Heo, Cesar Gavino, and Edher Valencia to the 18714 W. Peak Road address. On that same day, Plaintiffs also reportedly sent copies of these documents via email to the following email addresses:

- Esteban.park@partner.samsung.com
- arom.heo@samsung.com

- Cesar.gm@samsung.com
- edher.vv@samsung.com

7. Following the delivery of papers to the 18714 W. Peak Road address on September 19, employees of Samsung SDS America, Inc. forwarded on a copy of the Esteban Park Citation and Original Complaint to Samsung Mexico. This was the first notice that Samsung Mexico received concerning Plaintiffs' lawsuit and claims.

8. As will be discussed in more detail below, the purported service on Samsung Mexico was defective for multiple reasons. However, because Samsung Mexico had now received informal notice of Plaintiffs' claims, the 30-day deadline for removal to federal court provided under 28 U.S.C. § 1446(b) began to run, irrespective of the defects in Plaintiffs' service efforts. To avoid waiving Samsung Mexico's entitlement to a federal forum, while simultaneously preserving its right to challenge the sufficiency of citation / process and the sufficiency of service of process, Samsung Mexico then timely filed this consolidated Notice of Removal and Rule 12(b) Motion to Dismiss.

B. **Argument and Authority**

i. *Legal Standard*

9. Under Rule 12(b) of the Federal Rules of Civil Procedure, a defendant may challenge personal jurisdiction for "insufficient process" and "insufficient service of process." Fed. R. Civ. P. 12(b)(4), (5). "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos., Inc*., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B Charles Alan Wright & Arthur R. Miller, Frederal Practice & Procedure § 1353 (3d ed.)).

10.     The party effecting service has the burden to prove that service was valid. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Without either proper service of process or waiver of that service, a federal court cannot exercise personal jurisdiction over the defendant. *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

11.     Rule 12(b)(4) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss an action for defects in the form of the process. Such a motion is proper only to challenge non-compliance with the provisions of Rule 4(b) of the Federal Rules of Civil Procedure or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. See *Ceasar v. Dillards Dep't Store*, No. 6:17-CV-01066, 2018 WL 3030126, at *1 (W.D. La. May 31, 2018), report and recommendation adopted sub nom., *Ceaser v. Dillards Dep't Store*, No. 6:17-CV-1066, 2018 WL 3029336 (W.D. La. June 18, 2018). A Rule 12(b)(4) is the proper challenge, for example, when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served. *Shivers v. Akima Intra-Data*, No. 2:07-CV-55KS-MTP, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008). Rule 4(b) requires that a plaintiff present a properly completed summons that the clerk must then sign, seal, and issue. Fed. R. Civ. P. 4(b). To be properly completed, among other things, the summons must be "directed to the defendant." See *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013). The plaintiff bears the burden of proof regarding sufficiency of process. *Id*.

12.     To the extent that Texas rules and law concerning the sufficiency of citation (i.e., the Texas state court equivalent of a federal summons) are implicated in this removed action,

they are analogous to federal requirements. "The rules regarding service of process have always been strictly construed; failure to comply with them renders service void." *Lawyers Civ. Process, Inc. v. State ex rel. Vines*, 690 S.W.2d 939, 942 (Tex. App.—Dallas 1985). Texas Rule of Civil Procedure 99 requires, *inter alia*, that citation must "be directed to the defendant." Tex. R. Civ. P. 99(b)(8). Failure to direct citation to the defendant as required by the rules "results in a void citation [and] ineffective service…" *ISO Prod. Management 1982, Ltd. v. M & L Oil & Gas Exploration, Inc*., 768 S.W.2d 354, 355 (Tex. App.—Waco 1989, no writ). To the extent citation is to be served upon a defendant's agent, the citation must still be directed to the defendant, and not to the agent. See *Barker CATV Constr., Inc. v. Ampro, Inc*., 989 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1999, no pet.). If citation is directed to a purported agent, it does not confer jurisdiction over the defendant. See *Dan Edge Motors, Inc. v. Scott*, 657 S.W.2d 822, 823 (Tex. App.—Texarkana 1983, no writ) (citation deficient when citation was directed to president of defendant corporation, but not to the corporation itself). See also *Verlander Enter., Inc. v. Graham*, 932 S.W.2d 259, 261 (Tex. App.—El Paso 1996, no writ) (citation defective when directed to vice president instead of corporation).

13. A Rule 12(b)(5) motion allows a party to file a motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Under Rule 12(b)(5), a district court has "broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Federal Rule of Civil Procedure 4(h) provides as follows:

> Unless federal law provides otherwise…, a domestic or foreign corporation … must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

 (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

  14. As Defendant Samsung Mexico is a foreign corporation that is not amenable to service of process in a United States judicial district, Rule 4(f) provides, in pertinent part, that it should be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Only if there is no applicable international agreement may a plaintiff seek to serve a foreign corporation by other means. Fed. R. Civ. P. 4(f)(2)-(3).

  15. To the extent it may be relevant, Texas law provides that service of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. Tex. Bus. Org. Code §§ 5.201(a), 5.255(1). Texas Rule of Civil Procedure 108a, governing "Service of Process in Foreign Countries," provides that service may be effected if the citation and petition is served "pursuant to the terms and provisions of any applicable international agreement." Tex. R. Civ. P. 108a(a)(4).

  *ii.* ***Plaintiffs' Issued Citations were Void***

  16. Dismissal is required under Rule 12(b)(4) because the Citation requested by Plaintiffs and issued by the Webb County District Clerk lacked a mandatory element – that citation be ***directed to the defendant***. In this regard, in their Original Petition, Plaintiffs stated the following:

9

> 4. Defendant, Samsung SDS Mexico, S.A. de C.V. is a Mexican corporation with its place of business in Bulevard Sanchez Taobada No. 10133-305; Colonia Revolucion; Tijuana, Baja California 22015. Defendant maintains an office at 18714 W. Peak Road; Laredo, Texas 78045. Citations should be issued to:
>
> (a) Estaban Park by serving Esteban Park at 18714 W. Peak Road; Laredo, Texas 78045 with citation and a copy of this original petition;
>
> (b) Arom Heo by serving Arom Heo at 18714 W. Peak Road; Laredo, Texas 78045 with citation and a copy of this original petition;
>
> (c) Cesar Gavino by serving Cesar Gavino at 18714 W. Peak Road; Laredo, Texas 78045 with citation and a copy of this original petition; and
>
> (d) Edher Valencia by serving Edher Valencia at 18714 W. Peak Road; Laredo, Texas 78045 with citation and a copy of this Original Petition.

17. Subsequently, the deputy Webb County District Clerk issued citation as Plaintiffs had requested, with the addressee of each respective Citation being Esteban Park, Arom Heo, Cesar Gavino or Edher Valencia. For easy reference, an excerpt of the citation for delivery to Esteban Park is provided below:



18. The sole defendant named by Plaintiffs in their Original Petition is Samsung SDS Mexico S.A. de C.V. Neither Esteban Park, Arom Heo, Cesar Gavino nor Edher Valencia are named as defendants by Plaintiffs. Because Plaintiffs caused to be issued citations that were directed to non-parties, and not to the named defendant (i.e., Samsung Mexico), any service purportedly made by delivering a copy of such citation is invalid under both Federal Rule 4(b) and Texas Rule 99(b)(8), because the form of the citation itself is defective, and therefore void. See discussion *supra*.

19. Given that Plaintiffs have failed to obtain citation (or process) that is in strict compliance with the applicable Texas and/or federal rules, Plaintiffs' action may properly be dismissed pursuant to Federal Rule 12(b)(4) for insufficient citation/process.

ii. ***Plaintiffs' Failed to Effect Service in Accordance with Hague Convention***

20. Even assuming arguendo that the citations issued in the Texas state court action were not fatally defective and therefor void, dismissal is also appropriate under Rule 12(b)(5) because Plaintiffs failed to properly deliver copies of the Citation and Original Complaint in accordance with controlling federal law.

21. Again, it is undisputed that Samsung Mexico is a foreign company based in Mexico. Accordingly, under both Texas and federal procedure, Plaintiffs were obligated to serve Samsung Mexico either "by any internationally agreed means of service," or by any other means not prohibited by international agreements. See Fed. R. Civ. P. 4(f); Tex. R. Civ. P. 108a(a)(4) and (6).

22. Here, the United States and Mexico are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). "The Hague Convention is a multinational treaty, formed for the

purpose of creating an 'appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,' thereby simplifying and expediting international service of process." *Compass Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 395 (5th Cir. 2002)). The Hague Convention is "mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

23. One Southern District of Texas court, also in the Laredo division, expounded on the logistics of appropriate service under the Hague Convention with Mexican citizens as follows:

> The Hague Convention sets forth the permissible methods of effecting service abroad. *Nuovo Pignone*, 310 F.3d at 383. The primary method of service authorized by the Hague Convention requires service through a member state's "Central Authority." See 20 U.S.T. 362,20 U.S.T. 362, Arts. 2–7. The Central Authority of each member state may then execute service pursuant to its own internal laws, or according to a particular method requested by the requesting state. *Id*. The Hague Convention also provides various exceptions to this method of service, pursuant to Articles 8, 9, and 10, including the option "to send judicial documents, by postal channels, directly to persons abroad...." 20 U.S.T. 362,20 U.S.T. 362, Art. 10(a).
>
> However, Article 10 expressly makes service via these postal channels contingent on the "State of destination" not objecting. *Id*. As previous courts have noted, **when Mexico acceded to the Hague Convention, it filed its declarations objecting to all alternative channels of service under Article 10**. See, e.g., *Mitchell*, 753 F.Supp.2d at 1271; *OGM, Inc. v. Televisa, S.A. de C.V.*, No. CV 08–5742–JFW (JCx), 2009 WL 1025971, at *2 (C.D. Cal. Apr. 15, 2009). **Thus, service through Mexico's Central Authority is the exclusive method of service of process on parties in Mexico under the Hague Convention**. *Opella*, 2011 WL 2600707, at *5; *Mitchell*, 753 F.Supp.2d at 1271; *Televisa*, 2009 WL 1025971, at *3.

*Compass Bank v. Katz*, 287 F.R.D. 392, 396–97 (S.D. Tex. 2012) (emphasis added).

24. So, under federal law, the only method of obtaining proper service on Samsung Mexico is by complying with the terms of the Hague Convention and accomplishing service through Mexico's central authority. Because Plaintiffs' have failed to do so, and because

Samsung Mexico has neither waived the requirement for proper service nor consented to personal jurisdiction in Texas, Plaintiffs' suit should be dismissed pursuant to Federal Rule 12(b)(5). To the extent that Plaintiffs may have obtained leave from the Texas state court to attempt service via delivery of Citation and the Original Petition to non-Samsung Mexico employees[5] based in Laredo and, alternatively, via email to those same individuals, "[t]he Hague Convention preempts any inconsistent methods of service prescribed by Texas law in all cases where the Convention applies." *In Re T.M.E.*, 565 S.W.3d 383, 391–92 (Tex. App.—Texarkana 2018, no pet.) (citation omitted); see also *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 410 (N.D. Tex. 2020) (same premise).

## Conclusion and Prayer

In sum, Plaintiffs Warehouse Stock, LLC and Morgan Logistics, LLC requested facially deficient Citations be issued in their Texas state court action, and then improperly sought to effect service of those void Citations via indirect, substitute service, including service via email. However, both Texas state courts and federal courts within Texas have found that the Hague Convention, when applicable, preempts inconsistent methods of service allowed under state law. Here, Defendant Samsung SDS Mexico S.A. de C.V. is a citizen of Mexico, a signatory to the Hague Convention which has specifically objected to any alternative forms of service. Accordingly, "service through Mexico's Central Authority is the exclusive method of service of process on parties in Mexico under the Hague Convention." *Katz*, 287 F.R.D. at 397. Because Plaintiffs Warehouse Stock, LLC and Morgan Logistics, LLC have failed to comply with the

---

[5] Plaintiffs purported "service" in the Texas state court action is doubly defective, in that Plaintiffs' suit was brought against a (foreign) corporation. Accordingly, under Texas law, Plaintiffs would have needed to serve either a registered agent, or a president or vice-president of the company. See Tex. Bus. Org. Code §§ 5.201(a), 5.255(1). However, Esteban Park, Arom Heo, Cesar Gavino and Edher Valencia are not even Samsung Mexico employees, much less registered agents or presidents/vice-presidents of the company.

terms of the Hague Convention for service, Plaintiffs' suit against Samsung SDS Mexico S.A. de C.V. should be dismissed under Federal Rule 12(b).

Dated: October 13, 2023
Houston, Texas

Respectfully submitted,

*/s/ Keith B. Letourneau*
Keith B. Letourneau
BLANK ROME LLP
State Bar No. 00795893
Federal I.D. No. 20041
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone:  (713) 402-7650
Facsimile:  (713) 228-6605
Email: kletourneau@blankrome.com

*Attorneys-in-charge for Defendant,*
*Samsung SDS Mexico S.A. de C.V.*

**Of Counsel:**
Zachary Cain
State Bar No. 24078297
Federal I.D. No. 1829905
Email: zcain@blankrome.com
BLANK ROME LLP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all counsel of record pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the Court's CM/ECF system, on this 13th day of October, 2023.

*/s/ Keith B. Letourneau*
Keith B. Letourneau